UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

RAINERI CONSTRUCTION, LLC,           )
                                     )
            Plaintiff,               )
                                     )
      vs.                            )     Case No. 4:12-CV-2297 (CEJ)
                                     )
KEITH TAYLOR, et al.,                )
                                     )
            Defendants.              )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to file a first amended complaint. Defendants have filed a response in opposition and the issues are fully briefed.

### I.    Background

Plaintiff Raineri Construction, LLC (Raineri) is a construction contractor. Defendant Carpenters District Council of Greater St. Louis and Vicinity (CDC) is a labor union that represents carpenters and other workers in collective bargaining with construction contractors. The ten individual defendants, Keith Taylor, Scott Byrne, Paul Higgins, Al Bond, Mark Kabuss, Michael Ebert, Christopher Woods, George Wingbermuehle III, Tod Wingbermuehle, and Terry Nelson, are officers and members of the CDC.

On December 12, 2012, plaintiff filed this action against defendants, alleging violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 (RICO) (Counts I-IV), tortious interference with business relations (Count V), civil conspiracy (Count VI), and injurious falsehood (Count VII). Plaintiff alleges that beginning in November 2011 and continuing to date, defendants implemented a

conspiracy to extort money and inflict damages upon plaintiff by way of threats of physical violence and property damage, stalking and harassment, defamation, filing frivolous complaints with the St. Louis City Building Department and the U.S. Department of Labor-Occupational Safety and Health Administration, and unlawfully interfering with plaintiff's business relations.

On March 15, 2013, defendants filed a motion to dismiss for failure to state a claim for relief, which is still pending before the Court. On October 9, 2013, plaintiff filed the instant motion seeking leave to file an amended complaint which adds a claim based on the Labor-Management Relations Act (LMRA), 29 U.S.C. § 141 *et seq.* Plaintiff alleges that on October 3, 2013, agents of defendant CDC were sent to plaintiff's place of business where they falsely stated that they were picketing and convinced one plaintiff's customers not to enter the property.

II.    Discussion

Pursuant to Fed.R.Civ.P. 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." "Supplemental pleadings are intended to cover matters occurring after the original complaint is filed and are permitted pursuant to exercise of the court's discretion." Foster v. Lombardi, Case No. 1:12-CV-116 (E.D. Mo. Mar. 5, 2013) (citing United States ex rel. Kinney v. Stoltz, 327 F.3d 671, 673 n.4 (8th Cir. 2003)); see also Baker Group, L.C. v. Burlington Northern and Santa Fe Ry. Co., 228 F.3d 883, 886 (8th Cir. 2000) ("The rule is permissive for the parties and discretionary for the court."). The Eighth Circuit has not set forth the standard to be applied to a court's exercise of discretion concerning a motion for leave

under Rule 15(d). However, courts in this district have applied the same liberal standard as in Rule 15(a), which states that "the court should freely give leave when justice so requires. <u>See</u> <u>Foster</u>, Case No. 1:12-CV-116; <u>Riggs v. City of Owensville</u>, 2011 WL 1576723, at *2 (E.D. Mo. Apr. 26, 2011).

The Court has reviewed plaintiff's complaint, the proposed amended complaint, and defendants' arguments against granting leave. Apart from adding a new claim, the amended complaint does not change any of the original allegations, supporting facts, or parties. Granting leave to amend would have no impact on the fully-briefed motion to dismiss filed by defendants on March 15, 2013. Furthermore, plaintiff's request is not untimely or brought in bad faith considering that the acts giving rise to the alleged LMRA violation occurred on October 3, 2013. Thus, the Court cannot agree with defendants' arguments that amending the complaint to add the LMRA claim would cause any confusion or prejudice.

Defendants alternatively request that the Court reserve ruling on the instant motion until after the Court issues a decision regarding defendants' motion to dismiss. A ruling granting or denying the motion to dismiss would have no effect on the new claim asserted in the amended complaint. Thus, there is no reason to defer a ruling on the motion to amend.

\* \* \* \*

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file a first amended complaint [Doc. #20] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the document attached as Exhibit 1 to the motion for leave to amend [Doc. # 20-1] as the plaintiff's first amended complaint.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 15th day of November, 2013.