UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RAINERI CONSTRUCTION, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12-CV-2297 (CEJ) |
| | ) | |
| KEITH TAYLOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendants' joint motion, pursuant to Fed. R. Civ. P. 12(f), to strike portions of the third amended complaint. Plaintiff has responded in opposition, and the issues are fully briefed.

**I.     Background**

Plaintiff Raineri Construction, LLC is a construction contractor. Defendant Carpenters District Council of Greater St. Louis and Vicinity (CDC) is a labor union that represents carpenters and other skilled workers in collective bargaining with construction contractors. The ten individual defendants, Keith Taylor, Scott Byrne, Paul Higgins, Al Bond, Mark Kabuss, Michael Ebert, Christopher Woods, George Wingbermuehle III, Tod Wingbermuehle, and Terry Nelson, are officers or members of the CDC.

Plaintiff alleges that beginning in November 2011 and continuing to date, defendants have engaged in a conspiracy to extort money and inflict substantial damages upon plaintiff by threatening physical violence and property damage, stalking and harassing plaintiff's management and employees, defamation, filing frivolous complaints with the St. Louis City Building Department, the St. Louis

1

County Department of Health, and the U.S. Department of Labor-Occupational Safety and Health Administration, and unlawfully interfering with plaintiff's existing and prospective business relations.

Previously, the court dismissed Counts I-V of the second amended complaint for failure to state a claim. In the dismissed counts, plaintiff alleged violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 (RICO) (Counts I-IV), and tortious interference with business relations (Count V). Plaintiff re-asserts the previously-dismissed claims in Counts I-V of the third amended complaint and incorporates allegations pertaining to the dismissed claims in Counts VI and VII of the third amended complaint. Plaintiff states that it did this in order to preserve the dismissed claims for appeal.

Defendants move to strike as immaterial, impertinent and scandalous the portions of the third amended complaint which re-assert the dismissed claims and incorporate allegations pertaining to the dismissed claims by reference.

## II. **Legal Standard**

Federal Rule of Civil Procedure 12(f) provides that courts may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Courts enjoy liberal discretion to strike pleadings under Rule 12(f). Nationwide Ins. Co. v. Cent. Mo. Elec. Co-op, Inc., 278 F.3d 742, 748 (8th Cir. 2001). Striking a party's pleading, however, is an extreme measure viewed with disfavor. Stanbury Law Firm, P.A. v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000). "[M]atter will not be stricken unless it clearly can have no possible bearing on the subject matter of the litigation and its inclusion prejudices the defendants." Mecklenburg Farm, Inc. v. Anheuser-Busch, Inc., No. 4:07-CV-1719 (CAS), 2008 WL 2704481, *5 (E.D. Mo.

July 2, 2008) (citing 2 James W. Moore, Moore's Federal Practice § 12.37 (3d ed. 1997)); see also 5C Charles A. Wright, et al., Federal Practice & Procedure § 1381 (3d ed. 1998) ("Rule 12(f) motions are not granted in the absence of a showing of prejudice to the moving party."). The prejudice requirement is satisfied if striking the matter would "prevent a party from engaging in burdensome discovery, or otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome." Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc., No. 4:08-CV-243 (JCH), 2008 WL 2817106, *2 (E.D. Mo. July 21, 2008).

A Rule 12(f) movant "bears the burden of demonstrating that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." Kramer & Frank, P.C. v. Wibbenmeyer, No. 4:05-CV-2395 (EWS), 2006 WL 30790907, *2 (E.D. Mo. Oct. 27, 2006). "Nevertheless, a motion to strike should be granted if it may have the effect of making the trial of the action less complicated, or it may have the effect of otherwise streamlining the ultimate resolution of the action." Id. (internal citations and quotations omitted).

### III. Discussion

Defendants provide a detailed explanation as to how each contested allegation or paragraph of the third amended complaint is immaterial, impertinent, scandalous or otherwise unrelated to Counts VI and VII. The plaintiff simply responds that "all of the challenged allegations are related to [its] specific claims." Pl.'s Resp. & Opp'n to Defs.' Mot. to Strike, *2 [Doc. #94]. Without further support as to the materiality or pertinence of the challenged allegations to the remaining counts, the Court finds this response insufficient. It is noteworthy that plaintiff did

3

not incorporate all of the paragraphs of the third amended complaint into Count VIII. Plaintiff likewise has no justification for a wholesale incorporation of irrelevant paragraphs in the complaint to Counts VI and VII. Federal Rule of Civil Procedure 10(c), which authorizes a pleading to incorporate by reference a statement elsewhere in the same pleading or any other pleading, "was adopted to encourage pleadings that are short and free of unneeded repetition. The drafters did not intend the rule to allow the use of a sweeping adoption clause which serves as nothing more than a boiler plate safety valve." Wibbenmeyer, 2006 WL 3079007 at *3 (quoting Wolfe v. Charter Forest Behavioral Health Sys., Inc., 185 F.R.D. 225, 230 (D. La. 1999)). Plaintiff's incorporation of every preceding paragraph of the complaint into Counts VI and VII is precisely the type of sweeping adoption clause the drafters did not intend to permit.

Furthermore, defendants have a legitimate concern that if Counts I-IV and the paragraphs of the third amended complaint unnecessary to Counts VI and VII are not stricken, plaintiff will argue it is entitled to pursue discovery respecting those paragraphs in an improper attempt to resurrect the four RICO counts the Court has twice dismissed. Cynergy Ergonomics, Inc., 2008 WL 2817106 at *2 (stating that prejudice is demonstrated if striking the contested matter would "prevent a party from engaging in burdensome discovery, or otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome"). Indeed, plaintiff states in its response that should discovery provide evidence for it to revive its RICO claims, it intends to re-plead its allegations in Counts I through IV. Plaintiff has had three opportunities to amend its complaint in the two years that this lawsuit has been pending. Each time plaintiff has moved to

4

amend, it has failed to adequately address or appreciate the deficiencies and concerns noted by this Court and instead has persisted in its complaint with flaws intact. Plaintiff should focus its efforts on claims asserted in the third amended complaint through the relevant factual allegations now remaining. Wibbenmeyer, 2006 WL 3079007 at *2 ("[A] motion to strike should be granted if it may have the effect of making the trial of the action less complicated, or it may have the effect of otherwise streamlining the ultimate resolution of the action.").

\* \* \*

For the reasons set forth above,

**IT IS HEREBY ORDERED** that defendants' motion to strike Counts I through IV of the third amended complaint and all allegations pertaining to previously-dismissed claims that are incorporated by reference and made a part of Counts VI and VII of the third amended complaint [Doc. #89] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of January, 2015.