UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAINERI CONSTRUCTION, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12-CV-2297 (CEJ) |
| ) | |
| KEITH TAYLOR, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for reconsideration of the dismissal of plaintiff's RICO and tortious interference claims (Counts I-V), or, in the alternative, to voluntarily dismiss the remaining counts of the third amended complaint (Counts VI-VIII). Defendants have responded in opposition, and the issues are fully briefed.

**I.     Background**

Plaintiff Raineri Construction, LLC (Raineri) is a construction contractor. Defendant Carpenters District Council of Greater St. Louis and Vicinity (CDC) is a labor union that represents carpenters and other skilled workers in collective bargaining with construction contractors. The ten individual defendants, Keith Taylor, Scott Byrne, Paul Higgins, Al Bond, Mark Kabuss, Michael Ebert, Christopher Woods, George Wingbermuehle III, Tod Wingbermuehle, and Terry Nelson, are officers or members of the CDC.

Plaintiff alleges that beginning in November 2011 and continuing to date, defendants have engaged in a conspiracy to extort money and inflict substantial damages upon plaintiff by threatening physical violence and property damage,

1

stalking and harassing plaintiff's management and employees, defamation, filing frivolous complaints with the St. Louis City Building Department, the St. Louis County Department of Health, and the U.S. Department of Labor-Occupational Safety and Health Administration, and unlawfully interfering with plaintiff's existing and prospective business relations.

The Court has twice dismissed the alleged violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 (RICO) (Counts I-IV) for failure to state a claim. In response, plaintiff has amended its complaint in an effort to remedy the pleading defects in the RICO claims. Following plaintiff's third amended complaint, the Court granted defendants' motion to strike allegations and references pertaining to the dismissed counts as immaterial, impertinent, scandalous or otherwise unrelated to the remaining claims.

In the instant motion, plaintiff seeks reconsideration of the Court's dismissal of the RICO claims on the basis of "the Court's unwarranted refusal to allow [p]laintiff any discovery whatsoever to support its well-pleaded [RICO] allegations" and "recently disclosed predicate acts" cited in defendants' answer to the third amended complaint. [Docs. ## 103, 108]. In the alternative, plaintiff seeks to voluntarily dismiss the remaining claims in the complaint, "so as to conclude this action in the district court and to allow [p]laintiff to pursue an appeal with respect to the Court's dismissal of [p]laintiff's RICO claims." [Doc. #103].

II. **Discussion**

A. **Motion for Reconsideration**

The Federal Rules of Civil Procedure do not address the standard by which courts are to assess motions to reconsider, and plaintiff does not cite any authority

2

for its motion. Because plaintiff seeks review of a non-final order rather than a final judgment, the Court will construe plaintiff's motion as a Rule 60(b) motion. See Nelson v. Am. Home Assur. Co., 702 F.3d 1038, 1043 (8th Cir. 2012) ("[W]e have determined that motions for reconsideration are 'nothing more than Rule 60(b) motions when directed at non-final orders.'") (quoting Elder-Keep v. Aksamit, 460 F.3d 979, 984 (8th Cir. 2006)). Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances," such as newly discovered evidence that could not have been discovered with reasonable diligence, mistake or fraud. Robinson v. Armontrout, 8 F.3d 6, 7 (8th Cir. 1993).

Plaintiff has failed to provide a sufficient basis for relief upon any of the grounds enumerated in Rule 60(b). Plaintiff instead premises its motion for reconsideration on the lack of "discovery necessary to process its [RICO] claims," "even though [p]laintiff specifically requested a Rule 16 conference." Pl.'s Reply, at *1 [Doc. #108]. During the pendency of this litigation, plaintiff has filed three amended complaints and the Court has ruled on two fully-briefed motions to dismiss with supplemental memoranda and notices filed by the parties. It is within the discretion of the district court to issue a scheduling order and allow for the commencement of discovery *after* resolution of a pending motion to dismiss.

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should [] be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) (internal citation omitted). After defendants filed their answer to the third amended complaint, the Court ordered the parties to submit a joint proposed scheduling plan for the purposes of commencing discovery. Neither party has done so.

Furthermore, the purpose of discovery is not to assist a plaintiff in articulating a plausible claim in drafting the complaint, but rather to allow parties to determine whether evidence exists to support a stated claim. "Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when [its] complaint has failed to state a claim." Kaylor v. Fields, 661 F.2d 1177, 1184 (8th Cir. 1981); see also Brown v. Ameriprise Fin. Servs., Inc., 276 F.R.D. 599, 605 (D. Minn. 2011) ("A plaintiff must adequately plead a claim before obtaining discovery, not the other way around. [D]iscovery is not to be used to find a cause of action.") (quoting In re Medtronic, Inc. Sprint Fidelis Leads Prods. Liab. Litig., MDL No. 08–1905 (RHK/JSM), 2009 WL 294353, at *2 (D. Minn. Feb. 5, 2009), aff'd, 623 F.3d 1200 (8th Cir. 2010)).

To state a claim in a private civil RICO action, a plaintiff must satisfy a number of prerequisites and plead a multitude of moving elements. As described by one federal court, "[t]he statute is constructed on the model of a treasure hunt." Sutliff, Inc. v. Donovan Cos., Inc., 727 F.2d 648, 652 (7th Cir. 1984) (Posner, J.), abrogated on other grounds by Hammes v. AAMCO Transmissions, Inc., 33 F.3d 774, 782 (7th Cir. 1994). Indeed, success in a civil RICO action leads to the availability of "extraordinary remedies" that "are among the most severe ever enacted in a federal civil statute." Doe v. Norwest Bank Minn., N.A., 107 F.3d 1297, 1308 (8th Cir. 1997); Ambrose v. Blue Cross & Blue Shield of Va., Inc., 891

F. Supp. 1153, 1166 (E.D. Va. 1995). To obtain the relief sought in its complaint, plaintiff is solely responsible for identifying the elements of its action so to sufficiently allege facts to state a plausible claim. Plaintiff may not rely upon the Court to repeatedly instruct it as to missing elements, nor depend upon discovery to state a claim.

In the instant motion, plaintiff states in passing that it seeks leave to amend its third amended complaint "to specifically allege these recently disclosed predicate acts which support [p]laintiff's RICO claims." Pl.'s Mot. ¶ 9 [Doc. #103]. However, it failed to attach a proposed amended complaint to enable the Court to determine whether such an amendment would be futile. See Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008) (holding that "granting leave to amend a complaint where the plaintiff has not submitted a proposed amendment is inappropriate"); Process Controls Intern., Inc. v. Emerson Process Mgmt., No. 4:10-CV-645 (CDP), 2011 WL 6091722, at *4 (E.D. Mo. Dec. 7, 2011) (citing Begala v. PNC Bank, Ohio, Nat'l Ass'n, 214 F.3d 776, 784 (6th Cir. 2000) ("Plaintiffs [are] not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies."). In its present form, the third amended complaint fails to state a claim for alleged violations of RICO for the reasons previously detailed in the previous order dismissing the RICO claims. [Doc. #78]. Plaintiff has failed to provide a sufficient basis for reconsideration.

### B. Motion to Voluntarily Dismiss

In the alternative, plaintiff moves to voluntarily dismiss its remaining claims in the third amended complaint (Counts VI-VIII). "It is axiomatic that a dismissal

pursuant to Rule 41(a)(2) is not one of right but is rather a matter for the discretion of the trial court." Great Rivers Co-op. of Se. Iowa v. Farmland Indus., Inc., 198 F.3d 685, 689 (8th Cir. 1999) (quoting United States v. Gunc, 435 F.2d 465, 467 (8th Cir. 1970)). In determining whether to permit a plaintiff to voluntarily dismiss claims under Rule 41(a)(2) of the Federal Rules of Civil Procedure, a court must consider "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." Donner v. Alcoa, Inc., 709 F.3d 694, 697 (8th Cir. 2013). "[A] party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." Id.

The explanation plaintiff has provided for voluntarily dismissing the remaining claims is "to conclude this action in the district court and to allow [p]laintiff to pursue an appeal with respect to the Court's dismissal of [p]laintiff's RICO claims." Pl.'s Mot. ¶ 10 [Doc. #103]. As the defendants point out, permitting a voluntary dismissal the remaining claims at this stage would only enable plaintiffs to secure an otherwise unavailable interlocutory appeal of the dismissal of the RICO claims, thus violating the long-recognized federal policy against piecemeal appeals. See Little Earth of United Tribes, Inc. v. U.S. Dept. of Housing & Urban Development, 738 F.2d 310, 313 (8th Cir. 1984) (citing Sears, Roebuck & Co v. Mackey, 351 U.S. 427, 438 (1956) (noting "the historic federal policy against piecemeal appeals")). In fact, the Eighth Circuit has noted that, in most cases, a district court abuses its discretion "when it frustrates the limitations on federal appellate jurisdiction by entering a Rule 41(a)(2) order dismissing remaining claims

6

without prejudice for the purpose of facilitating the immediate appeal of an earlier interlocutory order." Great Rivers, 198 F.3d at 698-90.

Moreover, granting a voluntary dismissal of the remaining claims would result in a waste of judicial time and effort, as the parties have vigorously litigated this matter before the Court with substantial resources expended for more than two years. Dismissal also would be prejudicial to defendants, as their motion for judgment on the pleadings directed to one of the remaining claims remains pending. Therefore, the Court will not permit plaintiff to voluntarily dismiss the remaining counts of its third amended complaint.

\* \* \* \* \*

For the reasons set forth above,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration or, in the alternative, to voluntarily dismiss Counts VI, VII, and VIII of the third amended complaint [Doc. #103] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of April, 2015.